# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALARCON WIGGINS,

              Plaintiff,

    v.                                             Case No. 21-CV-1488

MICHELLE REYNOLDS and
UNCAGED MINDS PUBLISHING,

              Defendants.

# ORDER

Alarcon Wiggins is incarcerated at the Allenwood Federal Correctional Institution in Pennsylvania. He seeks to sue Michelle Reynolds and Uncaged Minds Publishing regarding their alleged failure to publish his manuscript. According to his complaint:

> Reynolds held herself out to be a subsidy publisher who specializes in working with incarcerated authors who wanted to publish their work. Mrs. Reynolds explained that she needed the full payment up front before she could publish my manuscript. I sent Mrs. Reynolds the money she requested with a copy of my manuscript. It has been eleven months and the book was never published nor was my money refunded. Every time that I have tried to reach out to Mrs. Reynolds she was evasive and dishonest as to why my book was never published. … Plaintiff is seeking monetary recovery for unrendered services as well as loss of revenue for my book sales that would have come from the publishing of said project.

(ECF No. 1 at 2-3.)

Because Wiggins is incarcerated, the Prison Litigation Reform Act (PLRA) applies. The fact that Wiggins alleges jurisdiction based on the diversity of citizenship of the parties (an allegation discussed below) does not place the case outside the strictures of the PLRA. Regardless of the jurisdictional basis for a prisoner's suit, the PLRA requires the prisoner to pay an initial partial filing fee and the remainder of the filing fee in installments over time. The court assessed an initial partial filing fee of $35.89 in accordance with 28 U.S.C. § 1915 (ECF No. 5), and Wiggins has paid this sum. Therefore, there is no basis to grant Wiggins's request to recalculate the initial partial filing fee. (ECF No. 11.)

However, the court acknowledges that the Clerk's Office incorrectly classified this action for statistical purposes. The Clerk is instructed to reclassify this action as Nature of Suit: 150 Contract: Recovery/Enforcement; Cause of Action: 28:1332bc Diversity-Breach of Contract; and Jurisdiction: Diversity.

The court must now determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335

U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

3
Case 2:21-cv-01488-WED    Filed 04/07/22    Page 3 of 7    Document 13

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they

4
Case 2:21-cv-01488-WED    Filed 04/07/22    Page 4 of 7    Document 13

plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint. As noted, Wiggins's complaint appears to relate to the defendants' alleged failure to publish a book. For the court to have jurisdiction to resolve this dispute, the plaintiff must be a citizen of a different state than all of the defendants and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

Wiggins provides a Post Office Box in Green Bay, Wisconsin for the defendants. (ECF No. 1 at 1.) This is insufficient to establish the citizenship of either defendant. "For purposes of the diversity jurisdiction, citizenship differs from residence." *Myrick v. Wellpoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014). For an individual, "[c]itizenship means domicile (the person's long-term plan for a state of habitation) rather than just current residence." *Myrick v. Wellpoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014).

The citizenship of a business entity depends on the nature of its organization. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A limited liability company (LLC) has the citizenship

of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Wiggins has not alleged whether Uncaged Minds is a corporation or a limited liability company (or some other entity), nor has he alleged any facts that would establish its citizenship.

Wiggins has also failed to plausibly allege that the amount in controversy is more than $75,000. He does not identify the amount he allegedly paid the defendants. Wiggins also seeks "monetary payment for pain and suffering." (ECF No. 1 at 4.) However, because the claim he alleges suggests a breach of contract rather than a tort, such damages are not available.

Therefore, because Wiggins has failed to adequately allege that the court has jurisdiction over his claim, he must amend his complaint.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff's "Motion for Case Reclassification and Reassessment of the Filing Fee" (ECF No. 11) is **granted in part**. The Clerk shall reclassify the action. There is no basis to reassess the filing fee.

**IT IS FURTHER ORDERED** that the plaintiff shall file an amended complaint no later than **May 12, 2022**. The amended complaint must contain allegations sufficient to establish this court's jurisdiction over his claim. An amended complaint fully takes the place of the original complaint. An amended complaint must be complete on its

own without reference to or attempt to incorporate any prior filing. **If the plaintiff fails to file an amended complaint by May 12, 2022, the court will recommend that his complaint and this action be dismissed.**

**IT IS FURTHER ORDERED** that all of the plaintiff's filings with the court shall be mailed to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the plaintiff must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 7th day of April, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge